**Juan C. Chavez**, OSB #136428
Email: juan@chavezlawpdx.com
65 SW Yamhill St., 300
Portland, OR 97204
Telephone: 971-599-3358
Facsimile: 971-275-1839

    Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| LINDA SENN, *guardian ad litem for* I.C.T., *a minor child*,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF GLADSTONE; OFC. FITCH and JOHN DOE 1.<br><br>Defendants. | Case No.<br><br>COMPLAINT<br><br>Civil Rights Action (42 U.S.C. § 1983) for excessive force in violation of the Fourth Amendment; and<br>State Tort Action for battery.<br><br>DEMAND FOR JURY TRIAL |

    This is a Civil Rights action stemming from Defendants' unconstitutional and unnecessary violence against I.C.T. The minor child's Civil Rights claims against Ofc. Fitch are based on throwing him to the ground, and beating him. The minor child's Civil Rights claim against City of Gladstone is based on its violation of his right to be free from excessive force through its failure to adequately train its employees, and its policy and practices that resulted in

I.C.T.'s injury. The state tort claim against City of Gladstone is the result of the violent, aggressive, and unwanted battery of a minor child.

## JURISDICTION

1. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. §§ 1983, and 28 U.S.C. §§ 1331, 1343(a)(3), (4), and supplemental jurisdiction over the State Tort Claims under 28 U.S.C. § 1367(a).

## VENUE

2. Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b). The acts and practices alleged herein occurred in City of Gladstone, Clackamas County, Oregon.

## PARTIES

3. At the time of filing, I.C.T. is a 16 year-old minor currently residing in Oregon. At the time of the incident, I.C.T. was 14 years old. As a minor child, Plaintiff I.C.T.'s will seek appointment of a *guardian ad litem* for the pendency of this case.

4. Plaintiff Linda Senn is I.C.T.'s mother, and a party suitable to be Plaintiff I.C.T.'s *guardian ad litem*.

5. Defendant City of Gladstone is a political subdivision of the State of Oregon, with the capacity to sue and be sued. The Gladstone Police Department is a department or division of the City.

6. Defendant Ofc. Fitch is an officer and agent of Defendant City of Gladstone, and is sued in his individual capacity. At all times relevant, Mr. Fitch was acting under color of law.

7. I.C-T does not know the true names and capacities of Defendants sued herein as John Does 1, and therefore sue this Defendant by a fictitious name. John Does 1 is sued in their individual capacity, and are any City of Gladstone actor, or other state actor personnel who exercised responsibility over, conspired with, aided and abetted subordinates, and/or directly or indirectly participated in the tortious violations as hereinafter alleged.

## FACTUAL ALLEGATIONS

8. On March 13, 2016 in the early afternoon, I.C.T., 14 years old, was skateboarding down his friend's street after church in Gladstone, Oregon.

9. A Gladstone Police Officer, Ofc. Fitch, was patrolling this area. I.C.T. threw some trash at a trash can, but his garbage missed the can and bounced off its lip. Ofc. Fitch pulled up next to Isaiah, and said, "Hey, you littered." I.C.T. turned around to walk back to the trashcan, and throw away the trash.

10. After picking up the trash, I.C.T. told the Officer that he will be on his way now. Ofc. Fitch told I.C.T.'s friend, another minor child who was 13 years old at the time, that he could leave, but told Plaintiff to stop and that he was not free to leave.

11. Ofc. Fitch told Plaintiff to produce his identification, and asked for his name. Because Plaintiff was 14, he does not have an I.D. to produce to the Officer. I.C.T. was uncomfortable speaking with the officer. I.C.T. told the Officer to call his mom.

12. Ofc. Fitch did not call his mom, and continued to accost Plaintiff to make him produce identification. Ofc. Fitch called for backup, and told I.C.T. to put his hands up. Scared, Plaintiff started to call his mom.

13. Ofc. Fitch and John Doe 1 threw I.C.T. to the ground, pinned him, and began punching I.C.T. in the face, bruising it and terrifying him. The officers continued to pummel I.C.T. while he laid on the floor, frightened. Upon information and belief, the Officers also kicked I.C.T.

14. This incident brought pain and suffering to I.C.T., causing him both physical and emotional distress.

## CLAIMS FOR RELIEF

15. Plaintiff brings claims under 42 USC § 1983, for violations made by Defendant Fitch, and John Does 1 of I.C.T.'s Fourth Amendment rights to be free from excessive force; and violations made by Defendant City of Gladstone through its policies and practices, and inadequate training of its employees, resulting in a violation of I.C.T.'s Fourth Amendment rights.

16. Plaintiff additionally claims battery against Defendant City of Gladstone, under *respondeat superior* and Oregon state law.

17. The Defendants are all persons within the meaning of 42 U.S.C. 1983.

18. Plaintiff seeks an award of economic damages, non-economic damages, punitive damages where appropriate, attorney fees and litigation expenses/costs against defendants.

### CLAIM 1: VIOLATION OF FOURTH AMENDEMENT
(Use of Excessive Force – 42 U.S.C. 1983 – Individual Liability)

19. I.C.T. restates and incorporates here the allegations in paragraphs 1 through 18.

20. It is clearly established law that an officer may not use force that, in light of the circumstances and as perceivable by a reasonable, objective officer, is excessive or unreasonable.

21. In taking the actions described above, including but not limited to throwing I.C.T., a child, to the ground and beating him, Defendant Fitch and John Doe 1 intentionally violated I.C.T.'s right to be free from seizure by excessive or unreasonable force, guaranteed by the Fourth Amendment to the United States Constitution.

22. The actions of Defendants Fitch and John Doe 1, as described in this complaint, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon I.C.T. As a result of said intentional conduct, I.C.T. is entitled to punitive damages against Defendant Fitch and John Does 1, in their individual capacity, in an amount sufficient to punish them and to deter others from like conduct.

22. The unreasonable seizure of I.C.T. was the direct and proximate cause of bodily injury, pain, suffering, loss of liberty, mental and emotional suffering, worry, fear, anguish, shock, anxiety, nervousness, and stress. I.C.T. is entitled to compensatory damages in an amount to be ascertained according to proof at trial.

### CLAIM 2: VIOLATION OF FOURTH AMENDMENT
(Failure to adequately train and supervise – 42 USC § 1983 – Municipal liability)

23. I.C.T. restates and incorporates here the allegations in paragraphs 1 through 18.

24. Defendant City of Gladstone develops policies and has the ultimate policymaking authority for policies and practices to be followed by the Gladstone Police Department. Defendant City of Gladstone, by and through the Gladstone Police Department, is liable for failing to adequately train, supervise, or discipline the City of Gladstone officers to avoid the types of civil rights violations described herein.

25. Defendant City of Gladstone is liable for the unconstitutional policy, custom, and/or practice of failing to train or supervise regarding constitutional rights of child citizens to

be free from unlawful and unreasonable searches and seizures including the right to be free from excessive physical force as guaranteed by the Fourth Amendment to the United States Constitution.

26. The policies of the Gladstone Police Department were a direct and proximate cause of the excessive and unreasonable use of force on I.C.T. and the harm stated above in paragraph 22.

## CLAIM 3: BATTERY
### (State Tort — Respondeat Superior)

27. I.C.T. restates and incorporates here the allegations in paragraphs 1 through 18.

28. Through its agent, Ofc. Fitch and John Doe 1, Defendant City of Gladstone is liable for an action in State Tort.

29. I.C.T. intended to cause harmful or offensive contact with I.C.T. when they repeatedly punched I.C.T. in the face, and injuring while on the ground.

30. Ofc. Fitch and John Doe 1's actions directly caused a harmful or offensive contact with I.C.T.

31. As a direct cause of the Defendant City of Gladstone's agents' actions, I.C.T. suffered bodily injury, pain, suffering, loss of liberty, mental and emotional suffering, worry, fear, anguish, shock, anxiety, nervousness, and stress. I.C.T. is entitled to all of his damages in an amount to be ascertained according to proof at trial.

## DEMAND FOR JURY TRIAL

31. For all claims alleged in this Complaint, Plaintiff demands a jury trial.

## REASONABLE ATTORNEY'S FEES AND COSTS

32. 42 U.S.C. § 1988(b) allows "the prevailing party… a reasonable attorney's fee as part of the costs…" in an action brought under 42 U.S.C. § 1983.

33.     Plaintiff requests that the Court grant a reasonable attorney's fee in this action.

## CONCLUSION

WHEREFORE, plaintiff prays for relief as follows:

a. For judgment in favor of Plaintiff against Defendants for their damages;

b. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

c. For such other and further relief as may appear just and appropriate.

DATED: March 9, 2018.

*/s/ Juan C. Chavez*
Juan C. Chavez, OSB #136428
65 SW Yamhill St., #300
Portland, OR 97204

*LEAD ATTORNEY*